IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, MD 21201<br><br>        Plaintiff,<br><br>v.<br><br>Randstad, US, LP,<br>    2080 York Road<br>    Baltimore, MD 21093<br><br>        Defendant. | Civil Action No.<br><br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to April Cox, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Randstad, US, LP ("Defendant" or "Randstad") failed to hire Cox because she is a recovering drug addict in a supervised rehabilitation program.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Randstad has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees in Timonium, Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Cox filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On or around September 4, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to

join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around October 21, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least January 27, 2015, Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by failing to hire April Cox because she is a recovering drug addict in a supervised rehabilitation program.

   a. Cox is a recovering drug addict who has been enrolled in a supervised methadone treatment program at Pine Heights Treatment Center in Baltimore, Maryland since at least 2011. She has not used illegal drugs since 2011 and undergoes monthly counseling and urine testing. Her use of methadone is directly related to the treatment for her drug addiction.

   b. Prior to enrolling in the treatment program, Cox was a regular user of heroin for approximately 19 years. She was dependent on heroin to the point that it interfered with major life activities such as eating, sleeping, and interacting with others. Her addiction resulted in her inability to eat for periods of time. She suffered from stomach pains, diarrhea and extreme weight loss, weighing approximately 105 pounds, while her regular weight is 190-195 pounds. Cox also had great difficulty sleeping and suffered from hallucinations, cold night sweats and chills. Her heroin use resulted in the

alienation of her family members, including her three children, and culminated in 2011 when she attempted to take her own life.

  c. During the period 2012 through early 2015, Cox successfully worked through a temporary agency as a package handler on various assignments.

  d. On or about January 27, 2015, Cox completed an application with Defendant seeking placement as a production laborer at Defendant's client, McCormick & Company, Inc. That same day, Defendant's Site Manager Channelle Cooper interviewed Cox. After telling Cox that she had enough experience to proceed to the next step, Cooper requested that she take a urine test and handed her a cup. While on her way to take the urine test, Cox disclosed to Cooper that she was in a methadone treatment program and could provide proof of treatment if necessary. Cooper took the cup back from Cox, stating that "I'm sure we don't hire people on methadone, but I will contact my supervisor." Cooper inquired about any restrictions she may have taking methadone, but Cox stated that she had none. Cox never completed the urine test

  e. On or about February 2, 2015, Cox contacted Cooper regarding her application. Cooper informed her that she was checking with the McCormick & Company Site Manager and would get back to her. Cox told her that she had contacted her methadone clinic and confirmed that the only restrictions she had was being a truck driver or airline pilot. Notwithstanding several messages left with Cooper over the next few days, Cox heard nothing from Cooper until February 9, 2015 when Cooper confirmed Cox could not be hired because of her use of methadone.

  f. Cox is disabled as defined in 42 U.S.C. §12102(2).

  g. Cox's has a record of a disability based upon her 19-year drug addiction.

  h. Defendant regarded Cox as having a disability based on her methadone use.

14. The effect of the practices complained of above in Paragraph 13 has been to deprive Cox, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cox.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Cox by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D. Order Defendant to make Cox whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above.

E.  Order Defendant to make Cox whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.  Order Defendant to pay Cox punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270